NOBERTO GARZA ET AL. v. THE STATE OF TEXAS.

(Case No. 1787.)

1. ACT OF AUGUST 15, 1870 — CONFIRMATION.— A number of parties brought suit against the state under an act passed August 15, 1870, seeking a confirmation of title and patent to land. Plaintiff relied on an instrument, which bore date in 1841, and which purported to be a confirmation of title to certain purchasers from the original claimant of the inchoate title. *Held:*

    (1) That it was essential to the right to bring suit under the act that the grant of land sought to be confirmed should have had its origin prior to

---

* This opinion should have appeared among the cases of the Austin Term, 1885.

December 19, 1836, and that the burden of proving that fact was on the plaintiffs.

(2) That a recital in the paper title attached to the petition, that the act of sale was made by the alcalde under superior orders dated October 5, 1836, was not sufficient evidence that the title originated prior to December 19, 1836. Plaintiffs should have shown that their imperfect title had such an inception prior to December 19, 1836, as entitled them to be perfected under the former government. 47 Tex., 307.

(3) The mere fact that the proper authorities ordered a sale of the land did not connect plaintiffs with the title; their title had its inception only when their bid was accepted, and they then acquired an equitable title which would have become perfect on payment of the purchase money. Unless they proved such an equitable title in themselves prior to December 19, 1836, they could not sue under the act.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The opinion states the case.

*Fred. Carleton*, for appellants.

*S. R. Fisher* and *A. J. Peeler*, for appellee.

WILLIE, CHIEF JUSTICE.— This suit was commenced in 1871, in the district court of Travis county, under an act of the legislature of August 15, 1870, entitled "An act to ascertain and adjudicate certain claims for lands against the state, between the Nueces and Rio Grande rivers," for the purpose of having the title confirmed, and a patent issued to a tract of land containing two leagues, part of the *ejidos* of old Reynosa. The paper title under which the plaintiffs claimed was attached to the petition, bears date the 24th day of September, 1841, and appears to be an instrument in the nature of a confirmation of title to the said land to ninety-six persons, who had become the purchasers thereof.

It was essential to the right to bring suit under the above act that the grant of land sought to be confirmed should have had its origin previous to the 19th day of December, 1836. The burden of proving this fact, and of bringing himself within the purview of the statute, is, of course, upon the plaintiff seeking the confirmation of the title. The only evidence upon this subject found in the record is a recital in the paper title that the act of sale was made by the alcalde, under superior orders dated October 5, 1836. We do not think that this recital is sufficient evidence that the title originated prior to the 19th of December, 1836.

This court in the case of The State *v.* Sais, 47 Tex., 307, 313, held

in effect that no imperfect title could be perfected under the statute, unless its acquisition from the former government had commenced, and it had a substantial inception in good faith, attached to a particular tract of land prior to December 19, 1836, such as would then and there entitle the party to be perfected under the laws of the former government; that there must have been some part of the title perfected sufficient to establish the right of the claimant to the land.

The mere fact that the proper authorities had ordered a sale of the land did not connect the plaintiffs with the title in any manner whatever. They had in no mode, legal or illegal, commenced to acquire title from the government previous to the 19th of December, 1836. What had been done prior to that time was done by the authorities, not for the special benefit of these parties, but it was an act of which any person in the community could take the benefit. The land to be sold under the order was open for purchase by any one. The fact that a person occupied a position to acquire land under an order made before the 19th of December, 1836, confers no such right as is provided by the statute. State v. Sais, 47 Tex., 313.

Not until these claimants took the benefit of the order of sale by a contract of purchase did they become connected with the land in such manner as to give their title its origin and inception. They could not, previous to that time, claim to have any right which was not common to all others. Their only right was to offer a price for the land; but when this offer was accepted, then they became clothed with an imperfect right to the land, which equity would mature into a perfect title upon payment of the purchase money. But we have no evidence that the sale took place before the 19th of December, 1836. The language of the instrument attached to the petition is not capable of the construction placed upon it by the counsel for appellants. It does not state that the *ejidos* was sold on the 5th of October, 1836, but that the order for its sale was made on that day. As nothing more than the order of sale took place before December 19, 1836, we hold that the title of the applicants did not originate by or before that time, and they were not entitled to the benefits of the statute under which this suit was brought.

Our views upon this question render it unnecessary to consider any other points in the case.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered December 8, 1885.]